**NOT TO BE PUBLISHED**



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARRIER CORPORATION,  )
                       Plaintiff,  )   CIV NO. S-00-1262 GEB/PAN
       v.  )   ORDER*
JOHN J. BURDETTE,  )
                       Defendant.  )

      Carrier Corporation ("Carrier") moves for a judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure and alternatively for a new trial on damages under Rule 59(a).[1] Carrier argues that the damages awarded by the jury were unreasonable and without evidentiary basis and requests that this court enter a new damages award of $163,000. John Burdette ("Burdette") opposes the motions. For the reasons stated below the motions are denied.

---

    * This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h). **This Order is not selected for publication.**

    [1] Unless otherwise stated, all references to "Rules" hereafter are to the Federal Rules of Civil Procedure.

## I. Background

This case was tried before a jury commencing on July 10, 2002, and ending when the jury entered its verdict on July 18, 2002. Carrier's position at trial was that it overpaid Burdette by a total of $163,000. Carrier claimed this amount was the result of three kinds of overpayments: (1) disputed commissions from Carrier's Reno, Nevada, branch, (2) an accounting error resulting in double payments to Burdette and (3) an error in the administration of "the .65 factor," a company payment policy that affected commissions on certain types of sales. The jury's verdict found Burdette liable but awarded Carrier damages of only $28,514. The judgment was entered on July 22, 2002.

Burdette worked for Carrier as a salesman and later as a manager from 1995 until his resignation on January 20, 2000. Burdette earned commissions under a written incentive plan. Carrier and Burdette became involved in a dispute over incentive pay when Carrier discovered Burdette claimed commissions on sales out of the Reno branch office to which Carrier felt he was not entitled. Burdette countered that an agreement he reached with Carrier's Regional General Manager and its Northern California Area Manager permitted him to take credit for the Reno disputed commissions.

## II. Discussion

When considering a motion for judgment as a matter of law, "the court must draw all reasonable inferences [from the evidence] in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (quoting Fed. R. Civ. P. 50(a)).

> [T]he court should review the record as a whole, [and] must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the non-movant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.

Id. at 151 (internal quotation marks and citation omitted).

Carrier argues in its motion for a judgment as a matter of law that the amount of damages should be $163,000, since the jury's liability finding "is unreasonable and without evidentiary basis." (Def.'s P. & A.'s in support of Mot. for Judgment at 3.)  Carrier contends that Burdette failed "to offer any evidence to contest damages . . . ."  (Id. at 5.)  Burdette counters that he contested and opposed each basis on which Carrier claimed it was damaged.  The awardable damages in this action depended upon the findings made by the jury based on the evidence presented at trial. During jury deliberations, the jury sent a note that evinced it struggled to resolve the liability and damage issues, in which it asked "Exactly how much does Carrier think [Burdette] owes, and what is the breakdown (overpayment, .65)?"  It is doubtful that this question would have been asked if Carrier's liability and damage claims had been clearly presented during trial.

In light of the nature of the liability and damage claims that were disputed at trial, there are countless scenarios based on the evidence presented which reasonably could have led the jury to its ultimate damage award.  For example, despite Carrier's argument otherwise, the jury could have found that Burdette's supervisors made an authorized arrangement with him that entitled him to receive all of

3

1  the Reno commissions, even though he was not entitled to some or all
2  of the double payments or ".65 factor" money.  Or the jury could have
3  determined that claiming some, but not all, of the Reno commissions
4  made Burdette liable for a breach.  Although it is unclear precisely
5  how the jury calculated the damages, whatever calculation it made does
6  not go against "the clear weight of the evidence."  <u>Landes Const. Co.</u>
7  <u>v. Royal Bank of Canada</u>, 833 F.2d 1365, 1371 (9th Cir. 1987).

8       Therefore, Carrier's motion for a judgment as a matter of
9  law is denied.  For the same reasons, Carrier's alternative motion for
10 a new trial on damages also is denied.

11       IT IS SO ORDERED.

13 DATED:  September 12, 2002

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    UNITED STATES DISTRICT JUDGE

United States District Court
for the
Eastern District of California
September 13, 2002

* * CERTIFICATE OF SERVICE * *

2:00-cv-01262

Carrier Corp

v.

Burdette

_____

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on September 13, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

    Claudia Jane Robinson               SF/GEB
    Lewis Brisbois Bisgaard and Smith
    2500 Venture Oaks Way
    Suite 350
    Sacramento, CA   95833-3500

    Anthony J Poidmore
    Law Offices of Anthony J Poidmore
    3300 Douglas Boulevard
    Suite 190r
    Roseville, CA   95661-3897

Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk